NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEIL A. NAIK, | |
| Plaintiff, | Civil Action No. 12-cv-4057 (JAP) |
| v. | **OPINION** |
| DANIEL RENAUD, Director, Vermont Service Center of United States Citizenship & Immigration Services, and UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, | |
| Defendants. | |

PISANO, District Judge

This is an immigration matter concerning Plaintiff Neil A. Naik ("Plaintiff")'s Petition for Alien Relative ("I-130 petition"), which he filed on behalf of his wife. Defendant Daniel Renaud is the Director of the Vermont Service Center ("VSC"), which is part of United States Citizenship & Immigration Services ("USCIS") (collectively "Defendants"). Defendants denied Plaintiff's I-130 petition because the Adam Walsh Act ("AWA") prohibits Defendants from granting the I-130 petition of a United States citizen convicted of a specified offense against a minor unless the Secretary of Homeland Security determines that the citizen poses no risk to the alien. Subsequently, Plaintiff appealed this decision to the Board of Immigration Appeals ("BIA"), which remanded the I-130 petition to Defendants to obtain more information. As a result, Defendants sent Plaintiff a Notice of Intent to Deny ("NOID") his petition and requested additional information. Prior to responding to the NOID, Plaintiff filed a Complaint in this

Court, challenging Defendants' denial of his I-130 petition and requesting that the Court approve the I-130 petition. Presently before the Court is Defendants' Motion to Dismiss for lack of jurisdiction and for failure to state a claim [docket # 4]. This Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' Motion is granted.

I.  BACKGROUND[1]

Plaintiff is a United States citizen residing in New Jersey. On November 14, 2003, he was convicted of endangering the welfare of a minor pursuant to N.J.S.A. § 2C:24-4a and was subsequently sentenced to two days incarceration, three years probation, and community supervision for life. At some point thereafter, Plaintiff married Jyosna Naik, a native and citizen of India. On March 15, 2009, he filed an I-130 petition on behalf of his wife to initiate her immigration to the United States.

Defendants are responsible for adjudicating Plaintiff's I-130 petition. On December 10, 2010, Defendants denied Plaintiff's I-130 petition based on the application of the AWA to Plaintiff's 2003 conviction.[2] On January 5, 2011, Plaintiff appealed this decision to the BIA, which considered the question of "whether approval of the visa petition filed on behalf of" Jyosna Naik "is barred by" the AWA. Compl. ¶ 8; Compl., Ex. A; docket #4-2, Ex. 1. On

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in the Complaint. *See Levkovsky v. New Jersey Advisory Comm. on Judicial Conduct*, 2012 WL 3715981, *1 n. 1 (D.N.J. Aug. 27, 2012). Thus, the facts below are taken from Plaintiff's Complaint filed on June 29, 2012, and any documents specifically referred to in the pleadings, unless otherwise indicated. *See Interfaith Cmty. Org. v. AlliedSignal, Inc.*, 928 F. Supp. 1339, 1345 (D.N.J. 1996) (stating "[a] court may consider undisputedly authentic documents a defendant attaches to a motion to dismiss if the plaintiff's claims are based on those documents"). The facts in this "Background" section do not represent the Court's factual findings.

[2] Although paragraph 7 of the Complaint states that Defendants denied Plaintiff's I-130 petition on December 10, 2010, the NOID letter discussed below lists the date as December 8, 2010 [docket #4, Ex.1]. Because on a motion to dismiss the Court must accept as true the allegations in the Complaint, the Court will use the December 10, 2010 date.

October 14, 2011, the BIA remanded the case to Defendants for "further development of the record." Compl. ¶ 8, Ex. A. Specifically, the BIA asked the parties to respond to the following questions:

> (1) Whether the government has the burden of proving that the petitioner's conviction is for a "specified offense" against a minor under section 111 of the AWA?
>
> (2) Whether the categorical and modified categorical approaches should be used in making the foregoing determination?
>
> (3) If the petitioner was found to have been convicted of a "specified offense" against a minor, is there a rebuttable presumption that the petitioner will pose a risk to the principal beneficiary or a derivative beneficiary? Further, what is the basis for this presumption and does it apply only to visa petitions where the principal beneficiary or a derivative beneficiary is a minor?
>
> (4) If the petitioner is found to have been convicted of a "specific offense" against a minor, whether and under what authority, the government applies a "beyond a reasonable doubt" standard in determining —as a matter of discretion— if the petitioner is a risk to the safety or well-being of the principal beneficiary or a derivative beneficiary?
>
> (5) Whether the Director must explain the rationale for his/her conclusion that the petitioner poses a risk to the principal beneficiary or a derivative beneficiary?
>
> (6) As here, where the principal beneficiary is not a minor beneficiary and where there are no minor derivative beneficiaries, does the AWA require the petitioner to prove *only* that he or she poses no risk to the adult principal beneficiary and any adult derivative beneficiaries?
>
> Finally, in the event that the Director denies this visa petition again under the AWA and the petitioner files an appeal to this Board, the parties are advised to include a jurisdictional statement. Specifically,

(7) Whether this Board has jurisdiction to review the question of whether the Secretary applied the correct standard in determining whether a petitioner has shown he or she is not a risk to the principal beneficiary or a derivative beneficiary?

(8) What is the nature and scope of the Board's jurisdiction over other aspects of the appeal?

[Compl., Ex. 1.]

On August 21, 2012, Defendants sent Plaintiff a NOID letter, giving Plaintiff "an opportunity to submit documentary evidence that . . . [he] feel[s] may overcome the grounds for the intended denial" [docket #4, Ex. 1].

However, prior to the NOID letter, on June 29, 2012, Plaintiff filed a Complaint in this Court, alleging: (1) it is "impermissibly retroactive" to apply the AWA, which was enacted in 2006, to his 2003 conviction; (2) the AWA "was not intended to apply to a marriage between consenting adults"; (3) the application of the "beyond a reasonable doubt" standard violates the plain language of the AWA, is inconsistent with the burden of proof applicable to adjudication of a visa petition, and constitutes a "substantive requirement implemented without required notice and comment under the Administrative Procedure Act ('APA')"; (4) the AWA violates substantive and procedural due process under the Fifth Amendment because it does not provide a hearing before a neutral adjudicator, meaning a citizen's liberty interest in his marriage is subject to the unreviewable discretion of an executive branch official, and it violates the Fifth and Eighth Amendments by imposing a "constitutionally excessive penalty" on a United States citizen; (5) Defendants did not apply the categorical approach to determine if Plaintiff's conviction falls within the parameters of the AWA; (6) Defendants have failed to adjudicate the remand of Plaintiff's petition in a timely manner, thereby violating the APA and the Immigration & Nationality Act; and (7) Defendants' failure to take action is subject to correction by mandamus.

Compl. ¶¶ 10, 12, 14, 16, 18, 20, 22. Plaintiff requested that the Court find the AWA inapplicable to his I-130 petition, order Defendants to approve the petition, and grant Plaintiff costs and attorney's fees.

On September 17, 2012, Defendants filed the Motion to Dismiss at issue here [docket #4]. Plaintiff filed a Cross-Motion for Summary Judgment on November 26, 2012 [docket # 13], but on November 29, 2012, this Court denied Plaintiff's Cross-Motion as premature and directed him to file an opposition to Defendants' Motion to Dismiss [docket # 16]. Plaintiff filed his opposition brief on December 5, 2012 [docket # 17], and Defendants filed a reply brief on December 18, 2012, in which they stated that Plaintiff responded to the NOID on November 27, 2012 [docket # 18]. Plaintiff submitted a sur-reply without seeking permission[3], and Defendants responded to it [docket # 19, 21].

Defendants have not yet rendered a final decision on Plaintiff's I-130.

## II. DISCUSSION

### A. 12(b)(1) and 12(b)(6) Standards

Under Federal Rule of Civil Procedure 12(b)(1), a case may be dismissed for "lack of subject-matter jurisdiction." Challenges to jurisdiction under Rule 12(b)(1) may be either facial or factual. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006), *cert. denied*, 550 U.S. 903 (2007). A facial attack challenges the sufficiency of the pleadings, and the trial court "must consider the allegations of the complaint as true." *Id.* However, in a factual attack, plaintiff's allegations are afforded no presumption of truthfulness, *id.*, and the trial court may review evidence outside the pleadings. *Gould Electronics Inc. v. United States*, 220 F.3d 169,

---

[3] No sur-replies are permitted without the Judge's permission. *See* Local Rule of Civil Procedure 7.1(d)(6).

176 (3d Cir. 2000). The plaintiff bears the burden of establishing that jurisdiction exists. *Petruska*, 462 F.3d at 302 n.3.

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed for "failure to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### B. Statutory Framework

The Immigration and Nationality Act provides that "any citizen of the United States claiming that an alien is entitled to . . . immediate relative status . . . may file a petition with" USCIS "for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). Alien spouses of United States citizens are considered "immediate relatives." 8 U.S.C. § 1151(b)(2)(A)(i). Thus, a United States citizen may file an I-130 petition on behalf of his or her spouse. *See* 8 C.F.R. § 204.1(a). The petition will be approved if USCIS "determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative . . . ." 8 U.S.C. § 1154(b). The burden of proving visa eligibility remains on the petitioner. 8 U.S.C. § 1361.

These provisions of the Immigration and Nationality Act were amended, however, by the AWA, which was enacted on July 27, 2006. The purpose of the AWA is to "protect the public from sex offenders and offenders against children . . . ." 42 U.S.C. § 16901. The Act requires sex offender registration and community notification, among other things. 42 U.S.C. §§ 16911-16929. Regarding immigration, the AWA amended the Immigration and Nationality Act to bar Defendants from granting the I-130 petition of a United States citizen "who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom" the petition is filed. 8 U.S.C. § 1154(a)(1)(A)(viii)(I).

### C. Defendants' Motion to Dismiss

Defendants argue that the Complaint should be dismissed for the following reasons: (1) there is no final agency action since Defendants are still considering Plaintiff's I-130 petition; (2) the Court lacks jurisdiction over Plaintiff's claims because they are unripe; and (3) counts six

7

and seven of the Complaint are moot.  Plaintiff, however, asserts that final agency action exists because Defendants denied his I-130 petition by applying the AWA retroactively to his 2003 conviction and the BIA endorsed this position on appeal by remanding the case on other legal issues.  Plaintiff argues that the BIA's decision affirming the application of the AWA to his 2003 conviction is a final action that is subject to review.  Furthermore, Plaintiff contends that his claims are ripe because this case presents "purely legal questions" which the agency has already taken a position on.  Defendants replied by again arguing that Plaintiff's Complaint should be dismissed because there is no final agency action since Defendants are still adjudicating the I-130 petition and there is no futility exception to final agency action.  Defendants contend that Plaintiff's claims are unripe because (1) the BIA remanded the case to Defendants for further information and Plaintiff recently responded to the NOID; (2) there is no futility exception to final agency action; and (3) the decision on Plaintiff's I-130 has not been determined yet.  Plaintiffs filed a brief, responding that there is final agency action because Defendants asked the BIA to reconsider its decision to remand the matter.  Defendants responded, again arguing that Plaintiff's I-130 petition is still pending, meaning there is no final agency action and noting that it is improper for Plaintiff to appeal Defendants' denial of his petition to the BIA and also seek a decision from this Court.

After examining these arguments, this Court will grant Defendants' Motion to Dismiss for the following reasons:  (1) there is no final agency action; (2) Plaintiff's claims are unripe; and (3) counts six and seven are moot.

1. **There is No Final Agency Action**

Plaintiff alleges that his action arises under the Immigration and Nationality Act and the APA, which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." *Id.* If there is no final agency action, a court lacks subject matter jurisdiction. *See Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

Generally, "two conditions must be satisfied for agency action to be 'final'": (1) "the action must mark the 'consummation' of the agency's decisionmaking process . . . — it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow' . . . ." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). The Third Circuit reviews "the following factors to determine whether an agency action is final: 1) whether the decision represents the agency's definitive position on the question; 2) whether the decision has the status of law with the expectation of immediate compliance; 3) whether the decision has immediate impact on the day-to-day operations of the party seeking review; 4) whether the decision involved a pure question of law that does not require further factual development; and 5) whether immediate judicial review would speed enforcement of the relevant act." *Ocean Cnty. Landfill Corp. v. U.S. E.P.A. Region II*, 631 F.3d 652, 655 (3d Cir. 2011) (quoting *Univ. of Med. & Dentistry of New Jersey v. Corrigan*, 347 F.3d 57, 69 (3d Cir. 2003)).

Here, there is no final agency action on Plaintiff's I-130 petition, meaning this Court does not have subject matter jurisdiction. First, Defendants' denial of Plaintiff's I-130 application does not represent final agency action because it does not mark the consummation of the agency's decisionmaking process. Instead, Plaintiff appealed Defendants' denial of the I-130 petition to the BIA, which remanded the petition to Defendants "for further development of the record." Defendants issued a NOID letter, and Plaintiff recently responded to it. Thus, Defendants' decisionmaking process continues as they reconcile Plaintiff's response to the NOID letter with his I-130 petition and the applicable law. Second, rights and obligations concerning Plaintiff's I-130 petition have not been determined because Defendants may still grant or deny Plaintiff's petition; they have not reached a final conclusion on it. As a result, Defendants' denial of Plaintiff's I-130 petition is not the agency's definitive position on the question or has the status of law with the expectation of immediate compliance. Because Defendants' denial was appealed, it did not have an immediate impact on Plaintiff's day-to-day operations. Moreover, the petition does not involve pure questions of law and requires further factual development because the BIA remanded the case to Defendants with eight questions that had to be examined. Lastly, this Court's immediate review of Plaintiff's I-130 petition would not speed its enforcement. Therefore, this Court does not have subject matter jurisdiction because there is no final agency action.

Furthermore, there is no futility exception to final agency action. *See Reliable Automatic Sprinkler Co., Inc. v. Consumer Prod. Safety Comm'n*, 173 F. Supp. 2d 41, 51 (D.D.C. 2001) (stating "[f]utility alone does not excuse the need for final agency action"), *aff'd*, 324 F.3d 726 (D.C. Cir. 2003). In fact, "[e]xemption from the finality requirement imposed by Section 704 of the APA is much more likely to disrupt the administrative and judicial review processes

established by Congress." *Id.* As a result, Plaintiff's assertion that it will be futile to wait for the agency to complete its adjudication of the case is improper.

Although Plaintiff argues that final agency action exists because Defendants denied the I-130 petition by applying the AWA and the BIA affirmed the application of the AWA to Plaintiff's 2003 conviction, Plaintiff's argument is without merit. "Where an intra-agency appeal is optional [as here] . . . the APA does not require a plaintiff to appeal prior to filing suit in federal court." *Bangura v. Hansen,* 434 F.3d 487, 498 (6th Cir. 2006) (citing *Darby v. Cisneros,* 509 U.S. 137, 147 (1993)). "However, where an optional appeal has been taken, the 'pending appeal renders the decision non-final.'" *Hanif v. Dep't of Homeland Sec.*, 472 F. Supp. 2d 914, 921 (E.D. Mich. 2007) (quoting *Bangura*, 434 F.3d at 501). Thus, Defendants' denial of Plaintiff's I-130 petition is not final agency action because Plaintiff appealed that decision to the BIA, and the BIA's application of the AWA to Plaintiff's I-130 petition is not final agency action because the BIA remanded the case and it is still pending.

### 2. Plaintiff's Claims Are Not Ripe

Ripeness "is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (internal quotation omitted). Judicial review "is premature when an agency has yet to complete its work by arriving at a definite decision." *Felmeister v. Office of Attorney Ethics, a Div. of the N.J. Admin. Office of the Courts*, 856 F.2d 529, 535 (3d Cir. 1988).

In order to determine whether an administrative action is ripe for judicial review, a Court must evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Peachlum v. City of York, Pennsylvania*, 333 F.3d 429, 434 (3d Cir. 2003) (internal quotation omitted) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)). "Whether a question is fit for judicial review depends upon factors such as whether the agency action is final; whether the issue presented for decision is one of law which requires no additional factual development; and whether further administrative action is needed to clarify the agency's position . . . ." *Felmeister*, 856 F.2d at 535-36. Hardship to the parties requires the hardship to be "both immediate and significant" to "overcome prudential interests in deferral." *Id.* at 537.

First, this case is not fit for judicial decision because, as demonstrated above, there is no final agency action. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted). Defendants must grant or deny Plaintiff's I-130 petition in order for the case to be fit for judicial review. Second, there is nothing in the record indicating that Plaintiff would suffer immediate and significant hardship by the Court withholding a decision and waiting for Defendants to issue a final decision on the I-130 petition. As a result, this case is not ripe, and it must be dismissed.

### 3. Counts Six and Seven Are Moot

In counts six and seven of the Complaint, Plaintiff alleges that Defendants failed to adjudicate the remand in a "timely fashion" in violation of the APA, which empowers the Court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and

12

the "continuing failure of the [D]efendants to take action required by law is subject to correction by mandamus . . . ." Compl. ¶¶ 20, 22. Yet, there is no evidence of unreasonable delay in Defendants' actions. The BIA remanded the case on October 14, 2011 and on August 21, 2012, Defendants sent Plaintiff a NOID letter, which Plaintiff responded to on November 27, 2012. Moreover, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take," and here, Defendants did not fail to take a required action. *Hammond v. Bausman*, 2011 WL 4590501, at *2 (E.D. Pa. Sept. 30, 2011). As a result, these claims are moot.

### III. CONCLUSION

Therefore, this Court grants Defendants' Motion to Dismiss because there is no final agency action subject to judicial review, the claims are not ripe, and counts six and seven are moot. An appropriate Order accompanies this Opinion.

Dated: May 22, 2013

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge